UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OM ROBERTS,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

CASE NO. C17-0410-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff Om Roberts proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Commissioner's decision is REVERSED and this matter is REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1970.[1] He has a GED and some college education, and has

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the offical policy on privacy adopted by the Judicial Conference of the United States.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

worked as a construction laborer, recycler, and telemarketer. (AR 47-49, 220.)

Plaintiff protectively applied for SSI in March 2013. (AR 88, 183-88.) That application was denied and Plaintiff timely requested a hearing. (AR 102-09, 113-23.)

On September 24, 2014, ALJ Ilene Sloan held a hearing, taking testimony from Plaintiff and a vocational expert. (AR 41-74.) On February 11, 2015, the ALJ issued a decision finding Plaintiff not disabled. (AR 21-35.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on August 29, 2016 (AR 8-13), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since March 13, 2013, the application date. (AR 26.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's hepatitis C, schizoaffective disorder, "bipolar type", and anxiety-related disorders. (AR 23-24.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 24-26.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing medium work, with additional limitations. He can have superficial contact with the general public and coworkers. He can adjust to simple changes in the workplace environment. He can maintain persistence, focus, and attention for two-hour intervals before requiring a fifteen-minute break. (AR 26.) With that assessment, the ALJ found Plaintiff unable to perform his past relevant work. (AR 33.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ found Plaintiff capable of transitioning to other representative occupations, including office helper, mail room clerk, and marking clerk. (AR 33-34.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) finding his headaches non-severe and his attention ADHD not medically determinable at step two, (2) discounting certain medical and lay opinions, and (3) failing to account for limitations caused by his hepatitis C in the RFC assessment. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be

affirmed.

Step two

At step two, the ALJ found that Plaintiff's headaches were not severe because they had not precluded his range of activities, and even if they were considered "severe" for purposes of step two, they would not preclude him from performing medium work. (AR 23-24.) The ALJ also found that although an examining psychiatrist diagnosed Plaintiff with ADHD, he was not a treating provider and did not perform any testing to establish that diagnosis, and Plaintiff has never received any treatment for ADHD. (AR 24.) The ALJ concluded that Plaintiff's ADHD was not medically determinable. (*Id*.) Plaintiff assigns error to the ALJ's exclusion of headaches and ADHD, and the Court will consider each in turn.

A. Legal standards

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling (SSR) 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id*. (citing *Bowen*, 482 U.S. at 153-54). An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id*.

A diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant must show his medically determinable impairments are severe. 20 C.F.R. §§ 404.1521, 416.921.

A medically determinable impairment results from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques, and established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by a statement of symptoms. 20 C.F.R. § 404.1521.

B. ADHD

Plaintiff argues that the ALJ erred in rejecting ADHD as not medically determinable because this condition was diagnosed by a psychiatrist, Michael Gordin, M.D. Dkt. 9 at 15. The Commissioner argues that because, as found by the ALJ, the Dr. Gordin's form DSHS opinions do not contain any summary of testing performed to reach the ADHD diagnosis, Dr. Gordin based this diagnosis on Plaintiff's self-reports. (*See* AR 24, 30-31.) Because the ALJ properly discounted Plaintiff's subjective testimony, and Plaintiff does not challenge this finding here, the Commissioner argues that the ALJ was entitled to reject a diagnosis that was based on self-report. Dkt. 10 at 10-11.

Plaintiff argues that testing is not needed to diagnose ADHD, citing the Commissioner's listing for ADHD and the Centers for Disease Control definition. Dkt. 9 at 15-16. These sources do not describe testing *per se*, but do describe symptoms associated with ADHD, and Dr. Gordin's opinions (AR 302-06, 426-30) reference some of those symptoms. It appears that Dr. Gordin's diagnosis was therefore rendered in compliance with medically acceptable techniques, and in any event the ALJ lacks the expertise to question his methodology. As noted by Plaintiff, the State agency physicians listed ADHD as a severe impairment. (AR 80, 94.) The ALJ erred in finding ADHD to be not medically determinable, and the ALJ shall reconsider this diagnosis on remand.

C. Headaches

The ALJ summarized Plaintiff's reports of headaches, and explained that she found them

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

not severe because he reported no headaches while he was incarcerated November 2007 to January 2013 (in contrast to his report to a consultative examiner in 2009 that he had experienced 3-4 headaches per month since 2004), and his headaches had not interfered with his ability to attend frequent meetings, work out at the gym, take college coursework, volunteer, and perform daily activities. (AR 23-24.)

Plaintiff's lack of documented headaches during his 2007-13 incarceration does not establish that he did not experience them during that time period; it could reflect incomplete records or a failure to document complaints. Furthermore, it was unreasonable for the ALJ to expect that imaging studies would confirm the existence of headaches[2;] Plaintiff has not alleged that his headaches are caused by a brain abnormality, and thus "unremarkable" imaging studies do not contradict his testimony. (AR 24.) Likewise, the activities described by the ALJ are not necessarily inconsistent with experiencing 3-4 headaches per month, nor are providers' description of Plaintiff as in "no apparent distress." (*Id*.) The ALJ's interpretation of the record related to headaches is unreasonable, and this evidence should be reconsidered on remand.

Hepatitis C

Plaintiff notes that the ALJ found his hepatitis C to be severe, but argues that the ALJ erred in failing to account for the fatigue caused by this condition in the RFC assessment. Dkt. 9 at 18. The ALJ acknowledged Plaintiff's alleged fatigue, but found Plaintiff had not received any treatment for the fatigue and had had unremarkable physical examinations. (AR 27-28.) The ALJ also noted that Plaintiff has been able to exercise, despite the fatigue. (AR 28.) Plaintiff's lack of

---

[2] As Plaintiff notes, there is objective evidence supporting his allegation of headaches, namely his neurologist's diagnosis of tension headaches with migrainous features, with a possible TMJ component. (AR 533-35.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

treatment for fatigue is not a convincing reason to reject the limitations, nor is his ability to exercise, and none of the physical findings (normal gait and walk; intact sensation, reflexes, coordination, and muscle strength) cited by the ALJ pertain to fatigue. The ALJ shall reconsider the limitations caused by Plaintiff's hepatitis C on remand.

### Opinion evidence

Plaintiff assigns error to the ALJ's assessment of opinions written by treating psychiatric nurse practitioner Charles Anstett, ARNP; examining psychiatrist Dr. Gordin; and case manager Pamela Kahn. The Court will consider each disputed opinion in turn.

1. Legal standards

Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

An ALJ may also consider lay-witness sources, such as testimony by nurse practitioners, physicians' assistants, and counselors, as well as "non-medical" sources, such as spouses, parents, siblings, and friends. *See* 20 C.F.R. § 404.1527. Such testimony regarding a claimant's symptoms or how an impairment affects his/her ability to work is competent evidence, and cannot be disregarded without comment. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). If an ALJ

discounts testimony of a lay witness, he or she must provide "reasons that are germane to each witness," and may not simply categorically discredit the testimony. *Dodrill,* 12 F.3d at 919.

2. <u>Mr. Anstett</u>

Mr. Anstett performed an intake evaluation and treated Plaintiff at Whatcom Counseling and Psychiatric Clinic/Compass Health in 2013 and 2014. (AR 329-50, 387-420, 447-524.) In August 2014, Mr. Anstett wrote a letter describing Plaintiff's diagnoses and symptoms, and opining that he was not able to work full-time. (AR 610-11.)

The ALJ provided several reasons to discount Mr. Anstett's opinion. First, the ALJ noted that, contrary to Mr. Anstett's description of Plaintiff's "frequent intractable headaches[,]" these headaches were not considered a severe impairment. (AR 610.) As discussed *supra*, the ALJ erred in rejecting Plaintiff's headaches as a severe impairment, and therefore Mr. Anstett's reference to headaches does not serve as a proper basis for discounting his opinion.

The ALJ also went on to find Mr. Anstett's opinion inconsistent with the medical record in various ways. (AR 32.) Because, as discussed *supra*, the ALJ erroneously interpreted the medical record and must reconsider the medical evidence on remand, the ALJ should also reconsider Mr. Anstett's opinion.

3. <u>Dr. Gordin</u>

Dr. Gordin examined Plaintiff twice, in February and December 2013, and completed DSHS form opinions describing Plaintiff's symptoms, diagnoses, and limitations. (AR 302-06, 426-30.)

The ALJ gave no weight to Dr. Gordin's February 2013 opinion because Plaintiff had just been released from prison days before the examination, and Plaintiff described severe symptoms that had never been reported during his incarceration. (AR 30-31.) As discussed *supra*, the lack

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

of documentation in Plaintiff's prison records does not necessarily establish that Plaintiff's symptoms did not exist. The ALJ did not provide legitimate reasons to discount Dr. Gordin's first opinion.

The ALJ's reasons to discount Dr. Gordin's second opinion are likewise inadequate. As explained *supra*, the ALJ's rejection of Dr. Gordin's ADHD diagnosis is erroneous, and therefore the ALJ erred in discounting the opinion based on the inclusion of that diagnosis. (AR 31.) The ALJ also went on to find Dr. Gordin's opinion inconsistent with normal mental status examination findings, but in doing so overlooked many abnormal findings, as argued by Plaintiff. Dkt. 9 at 11-13. On remand, the ALJ shall reconsider Dr. Gordin's opinions in light of the record as a whole, rather than contrasting it with a cherry-picked selection of findings.

4. <u>Ms. Kahn</u>

Ms. Kahn is Plaintiff's case manager through Pioneer Human Services. (AR 264.) She wrote a letter in October 2014 describing Plaintiff's participation in the housing program and his "hurdles to employment," and opined that Plaintiff would be a good candidate for a program called "stepping stones to recovery" to allow him to benefit from "the safety net of an income[.]" (*Id*.)

The ALJ summarized Ms. Kahn's letter and found that it was "an accommodation letter and is not based on the medical evidence." (AR 31-32.) This description of Ms. Kahn's letter accurately reflects Ms. Kahn's status as a lay person, but does not provide a germane basis for discounting her observations of Plaintiff's symptoms and limitations. The ALJ also rejected Ms. Kahn's letter based on her description of Plaintiff's headaches (AR 32), but, as explained *supra*, the ALJ erred in assessing the evidence of headaches. Accordingly, the ALJ shall reconsider Ms. Kahn's letter on remand.

/ / /

## **CONCLUSION**

For the reasons set forth above, the Commissioner's decision is REVERSED and the matter is REMANDED for additional administrative proceedings.

DATED this 21st day of September, 2017.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 10